HARRIS B. TABACK, SBN 111017
LAW OFFICES OF HARRIS B. TABACK
JENNIFER L. NAEGELE, SBN 232643
345 Franklin Street, Ste. 102
San Francisco, CA 94102
Telephone: (415) 241-1400
Facsimile: (415) 565-0110

Attorneys for Defendant
RUBEN CHAVEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:13-mj-71470-MAG |
| | ) | |
| Plaintiff, | ) | **STIPULATION AND [PROPOSED] ORDER** |
| | ) | **CONTINUING AUGUST 5, 2014 HEARING** |
| vs. | ) | |
| | ) | |
| RUBEN CHAVEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant Ruben Chavez is charged in a three-count criminal complaint. No indictment has yet been returned, and the parties are working on pre-indictment resolution.

The case is currently set for hearing on August 5, 2014, at 9:30 a.m., before United States Magistrate Judge Kandis A. Westmore, for either a preliminary hearing, return of indictment, or status conference.

The parties hereby stipulate and respectfully request that the hearing be continued to October 7, 2014, at 9:30 a.m., on the following grounds: (1) the government recently extended a plea offer, and defense counsel needs time to discuss and consider the offer with Mr. Chavez in order to provide effective assistance of counsel; and (2) a continuance will allow for continuity of counsel as Assistant United States Attorney Arianna Berg will be out of town in August (including on August 5) and defense counsel Harris Taback will be out of the country in September.

The parties further agree, and the Court finds and holds, as follows:

1.      The defendant is currently in custody.

2.      The defendant agrees to an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(iv), from August 5, 2014 to October 7, 2014, to provide reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3.      The defendant waives the time limits of Fed. R. Crim. Proc. 5.1 for preliminary hearing.

4.      Counsel for the defense believes that postponing the preliminary hearing is in his client's best interest, and that it is not in his client's interest for the United States to indict the case during the normal 14-day timeline established in Rule 5.1.

5.      The Court finds that, taking into the account the public interest in the prompt disposition of criminal cases, the grounds set forth in this stipulation are good cause for extending the time limits for a preliminary hearing under Fed. R. Crim. Proc. 5.1.  Given these circumstances, the Court finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

6.      Accordingly, and with the consent of the defendant, the Court (a) continues the preliminary hearing / return of indictment / status date before the duty Magistrate Judge to October 7, 2014 at 9:30 a.m., and (2) orders that the period from August 5, 2014 to October 7, 2014 be excluded from the time period for preliminary hearings under Federal Rule of Criminal Procedure 5.1 and from Speedy Trial calculations under 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

IT IS SO STIPULATED:

DATED: July 29, 2014                    _____/s/_____
                                        HARRIS TABACK
                                        Attorney for Defendant


DATED: July 29, 2014                    _____/s/_____
                                        ARIANNA BERG
                                        KIMBERLY HOPKINS
                                        Assistant United States Attorneys

IT IS SO ORDERED.

DATED: _7/31/14_____          _____
                                        HON. KANDIS A. WESTMORE
                                        United States Magistrate Judge